611 F.2d 375
 80-2 USTC P 9730
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee
v.
Raymond E. Smith, Defendant-Appellant.
 No. 79-5111.
 United States Court of Appeals, Sixth Circuit.
 November 13, 1979.
 
 Before EDWARDS, Chief Circuit Judge, CELEBREZZE and LIVELY, Circuit Judges.
 
 Order
 
 1
 Raymond E. Smith appeals from his jury conviction for willfully evading payment of income taxes in violation of 26 U.S.C. Sec. 7201. In the appeal Smith contends that the district court erred in denying his motion for acquittal because the government did not investigate relevant and exculpatory pre-trial leads, resulting in a failure of the government's proof to establish Smith's opening net worth with reasonable certainty when using the net worth method of proof.
 
 
 2
 Under the net worth method of proof, the government seeks to compute taxable income by determining a taxpayer's net worth at the end of each year plus his nondeductible expenditures during the year. The difference between this figure and the net worth figure at the beginning of the year is treated as the taxable income received during the year.
 
 
 3
 The net worth method of proof in income tax evasion cases was approved by the Supreme Court in Holland v. United States, 348 U.S. 121 (1954). The Court stated that "an essential condition in cases of this type is the establishment, with reasonable certainty, of an opening net worth, to serve as a starting point from which to calculate future increases in the taxpayer's assets." To this end the Court imposed upon the government an obligation to investigate all "leads" furnished by the taxpayer relative to nontaxable sources which are "reasonably susceptible of being checked." In analyzing the "leads" alleged by appellant the district court concluded that all leads that could reasonably be investigated were, in fact, pursued by an I.R.S. Agent. The other "leads" were either unknown to the government before trial, involved insignificant amount of money, or could not reasonably be investigated.
 
 
 4
 Relying on United States v. Giacalone, 574 F.2d 328 (6th Cir.), cert. denied, 99 S.Ct. 114 (1978), the district court also concluded that the inability of the government to establish a figure for "cash on hand" did not invalidate the net worth statement. In that case this court approved a net worth statement that did not contain a figure for "cash on hand," stating that even if the evidence showed that there was cash on hand, it was for the jury to determine whether there was enough to account for the net worth increase.
 
 
 5
 With respect to the issues raised by appellant, we conclude that the government established appellant's opening net worth with the "reasonable certainty" required by law, and adequately investigated the leads which were reasonably susceptible of being checked.
 
 
 6
 Accordingly, it is ORDERED that the judgment of the district court be, and hereby is, affirmed.